| | |
|---|---|
| **REID COLLINS & TSAI LLP**<br>Marc S T Dworsky (State Bar No. 157413)<br>920 Camino Viejo<br>Montecito, CA 93108<br>(626) 429-4022<br>mdworsky@reidcollins.com | **LABATON SUCHAROW LLP**<br>Ira A. Schochet*<br>140 Broadway<br>New York, NY 10005<br>Telephone: (212) 907-0864<br>Facsimile: (212) 883-7064<br>ischochet@labaton.com |
| **REID COLLINS & TSAI LLP**<br>Minyao Wang*<br>Yonah Jaffe*<br>420 Lexington Avenue<br>Suite 2731<br>New York, NY 10170<br>(212) 344-5200<br>mwang@reidcollins.com<br>yjaffe@reidcollins.com | *Additional Counsel* |
| **REID COLLINS & TSAI LLP**<br>Jonathan M. Kass*<br>300 Delaware Avenue, Suite 770<br>Wilmington, DE 19801-6600<br>(302) 467-1765<br>jkass@reidcollins.com | |

\**Pro hac vice* applications forthcoming

*Counsel for Petitioner*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of<br><br>507 SUMMIT LLC,<br><br>Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery For Use In a Foreign Proceeding. | Case No. 23-_____<br><br>**APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING** |

507 Summit LLC ("507 Summit" or "Petitioner") respectfully requests an order in the form attached hereto permitting Petitioner to obtain discovery under 28 U.S.C. § 1782 ("Section 1782") in connection with an appraisal proceeding pending before the Grand Court (the "Cayman Court") of the Cayman Islands (the "Appraisal Proceeding"), to which Petitioner is a party. In support of its

application, Petitioner submits a Memorandum of Law, the Declaration of Samuel Martin Pierce Dawson (the "Dawson Decl.") and the Declaration of Minyao Wang ("Wang Decl.").  Petitioner further states as follows:

1. Petitioner seeks the assistance of this Court to obtain limited discovery from Christopher Chungyi Hsu ("Mr. Hsu") for use in the Appraisal Proceeding.  Mr. Hsu and his consulting company provided advising to the Company in connecting with the Company's go-private merger transaction.

2. Petitioner's tailored requests are set forth in the subpoena attached as Exhibit A to the Wang Declaration and relate to the fair value of the shares of the Company that are the subject of the Appraisal Proceeding, including the process leading to the purchase of the shares of the Company's unaffiliated minority shareholders (including Petitioner).  As set forth in the accompanying submissions, the targeted discovery requested in the Subpoena cannot be obtained compulsorily in the Appraisal Proceeding because Mr. Hsu is not subject to the jurisdiction of the Cayman Court, but the Cayman Court will be receptive to the discovery obtained and assistance from this Court.

3. Section 1782 permits litigants in foreign proceedings to obtain discovery in the United States to assist in the foreign litigation.  In particular, Section 1782 states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

4. The statutory requirements of Section 1782 are satisfied here.  As explained in the accompanying submissions: (1) Mr. Hsu "resides" in this District because resides here (and/or otherwise has sufficient contacts with this judicial district), (2) the requested discovery is to be used in the Appraisal Proceeding; and (3) Petitioner is an "interested person" in the Appraisal Proceeding because it is a party to that proceeding.

5. This application also meets the discretionary factors of Section 1782.  As explained further in the accompanying submissions: (1) Mr. Hsu is not a party to the Appraisal Proceeding

and cannot compelled by the Cayman Court to produce discovery; (2) the Cayman Court will be receptive to judicial assistance from a U.S. court; (3) Petitioner is not attempting to circumvent foreign proof-gathering restrictions; and (4) the requested discovery is not unduly intrusive or burdensome. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 244-245 (2004).

6. Petitioner therefore respectfully requests that this Court expeditiously grants this application for an Order granting Petitioner authority to serve Mr. Hsu with the Subpoena.

7. WHEREFORE, Petitioner respectfully requests that this Court enter an Order:

(a) granting the application for discovery under 28 U.S.C. § 1782;

(b) authorizing Petitioner to take discovery from Mr. Hsu, by issuing the Subpoena; and

(c) directing Mr. Hsu to comply with the Subpoena issued in this case in accordance with the Federal Rules of Civil Procedure and the Rules of this Court.

Dated: March 31, 2023     By:   */s/ Marc S. T. Dworsky*
**REID COLLINS & TSAI LLP**
Marc S T Dworsky (State Bar No. 157413)
920 Camino Viejo
Montecito, CA 93108
(626) 429-4022
mdworsky@reidcollins.com

**REID COLLINS & TSAI LLP**
Minyao Wang*
Yonah Jaffe*
420 Lexington Avenue
Suite 2731
New York, NY 10170
(212) 344-5200
mwang@reidcollins.com
yjaffe@reidcollins.com

**REID COLLINS & TSAI LLP**
Jonathan M. Kass*
300 Delaware Avenue, Suite 770
Wilmington, DE 19801-6600
(302) 467-1765
jkass@reidcollins.com

*Counsel for Petitioner*

**LABATON SUCHAROW LLP**
Ira A. Schochet*

140 Broadway
New York, NY 10005
Telephone: (212) 907-0864
Facsimile: (212) 883-7064
ischochet@labaton.com

*Additional Counsel*

*Pro hac vice* applications forthcoming