JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF 507 SUMMIT, LLC. | Case No. EDMC 23-04 JGB (KKx) |
| | ORDER GRANTING APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING |

## I.

## **INTRODUCTION**

Petitioner 507 Summit, LLC ("Petitioner") has filed an Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding ("Application"). ECF Docket No. ("Dkt.") 1. Petitioner requests an order permitting service of a subpoena on non-party Christopher Hsu ("Respondent") for use in an appraisal proceeding ("Appraisal Proceeding") pending before the Financial Services Division of the Grand Court of the Cayman Islands ("Grand Court"). For the reasons set forth below, Petitioner's Application is GRANTED.

///

///

///

## II.

## **BACKGROUND**

Petitioner was a shareholder of 51job, Inc. ("51job"), a Chinese company incorporated in the Cayman Islands and listed on the NASDAQ stock exchange in the United States.  See dkt. 1-2, Declaration of Samuel Martin Pierce Dawson ("Dawson Decl."), ¶¶ 8, 10.  Petitioner alleges Respondent is the sole director of Rocketeer Management.  Id., ¶ 8.  Rocketeer Management served as the "strategic consultant" to 51job in negotiations in connection with a merger transaction whereby 51job was "delisted from the NASDAQ stock market."  Id.  Petitioner contends the merger was "orchestrated by insiders for a share price that . . . was woefully inadequate."  Dkt. 1-1 at 5.

On July 15, 2022, Petitioner, along with other dissenting shareholders, filed a petition in the Grand Court commencing the Appraisal Proceeding, in which Petitioner seeks to establish the fair value of its 51job shares.  Dawson Decl., ¶¶ 10, 11.

On March 31, 2023, Petitioner filed the instant Application in this Court seeking permission to serve a subpoena on Respondent pursuant to 28 U.S.C. § 1782 ("Section 1782").  Dkt. 1.  The proposed subpoena submitted in connection with the Application seeks (1) production of documents and (2) to depose Respondent.  Dkt. 1-16, Declaration of Minyao Wang ("Wang Decl."), ¶ 5, Ex. A ("Subpoena").  Through the Subpoena, Petitioner seeks information regarding "the negotiation, re-negotiation, and ultimate approval of the Merger for a price that was significantly lower than what the buyers originally offered in a binding agreement, and the fair value of Petitioner's (and the other dissenting shareholders') 51job shares."  Dkt. 1-1 at 6.

The matter thus stands submitted.[1]

---

[1]     An application pursuant to Section 1782 may be granted ex parte because an order granting the discovery requested, i.e. issuance of a subpoena, does not foreclose any objections to the subpoena once issued.  See, e.g. In re Republic of Ecuador, No.

# III.

# DISCUSSION

## A.    APPLICABLE LAW

Section 1782 authorizes, but does not require, a district court to grant discovery when "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" Khrapunov v. Prosyankin, 931 F.3d 922, 925 (9th Cir. 2019); see 28 U.S.C. § 1782(a).  Upon finding these statutory requirement have been met, the court may then consider discretionary factors, including: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding so that the foreign tribunal can order the participant to produce evidence; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the Section 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome," in which case the request may be "rejected or trimmed."  Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-65 (2004).

## B.    ANALYSIS

Here, each statutory requirement is satisfied.  Respondent resides or is found within this district.  See Wang Decl. ¶¶ 23-27.  In addition, the requested discovery is

---

C-10-80225, 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010) (permitting a Section 1782 application ex parte, noting "such ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it").

for use in the Appraisal Proceeding before a foreign court, and the application is made by Petitioner, a party to that foreign proceeding.  Dawson Decl. ¶¶ 8, 10-11.

The Court further finds Petitioner has established the discretionary factors set forth in Intel weigh in favor of granting the Application.  Under the first factor, "'the key issue is whether the material is obtainable through the foreign proceeding.'" Beijing TrueLake Culture Dev. Ltd. v. NetEase, Inc., No. 22-MC-80238-HSG, 2023 WL 2394538, at *2 (N.D. Cal. Mar. 7, 2023) (citation omitted).  Petitioner has shown that Respondent is not a party to the Appraisal Proceeding and is beyond the jurisdictional reach of the Grand Court in the Cayman Islands.  Dawson Decl. ¶¶ 29-30.  Second, Petitioner seeks to establish the fair value of its 51job shares in the Appraisal Proceeding, and has shown that the Grand Court is receptive to evidence obtained in foreign discovery.  Dawson Decl. ¶¶ 12-26.  Finally, there is no indication that the Section 1782 application conceals an attempt to circumvent foreign proof-gathering restrictions or other policies, or is otherwise intrusive or burdensome.

## IV.

## **ORDER**

For the reasons set forth above, Petitioner's Application is GRANTED with the following terms.

1.      Petitioner is authorized to take discovery from Respondent Christopher Hsu, a person found in this District, by issuing a subpoena to Respondent seeking the production of documents substantially in the form attached to the Minyao Wang Declaration as Exhibit A ("the Subpoena");

2.      Respondent shall produce the requested documents **within thirty (30) days of service** of the Subpoena and this Order, or such other dates as agreed between the parties, and in conformity with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California;

3.    Respondent shall appear for a deposition in compliance with the Subpoena on a mutually agreeable date within a reasonable time after he confirms the final production of documents in response to the Subpoena;

4.    The entry of this Order does not foreclose Respondent from seeking relief under Federal Rules of Civil Procedure 26 and 45, if appropriate.  It also does not foreclose Petitioner from contesting the appropriateness of such relief.  Any objections pursuant to Federal Rule of Civil Procedure 45 shall be served on all parties and counsel of record **within ten (10) days after service** of the Subpoena and this Order; and

5.    Until further Order by this Court, Respondent shall preserve all documents, electronic or otherwise, and any evidence in his possession, custody or control that contain information potentially relevant to the subject matter of the foreign proceeding at issue in the Application.

Dated:  August 18, 2023

HONORABLE JESUS G. BERNAL
United States District Judge

Presented by:

HONORABLE KENLY KIYA KATO
United States Magistrate Judge

5